**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ASHAWNTUS S. MCCAMBRY,

    Defendant - Appellant.

No. 23-3260
(D.C. Nos. 2:19-CV-02394-JAR-JPO,
2:19-CV-02491-JAR, &
2:16-CR-20003-DDC-1)
(D. Kan.)

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NICHOLAS MATTHEW HURTADO,

    Defendant - Appellant.

No. 23-3262
(D.C. Nos. 2:18-CV-02463-JAR-JPO,
2:19-CV-02491-JAR, &
2:15-CR-20032-DDC-2)
(D. Kan.)

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID SHEVLIN,

    Defendant - Appellant.

No. 23-3269
(D.C. Nos. 2:18-CV-2501-JAR-JPO,
2:19-CV-02491-JAR, &
2:15-CR-20099-DDC-1)
(D. Kan.)

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORY RAPP,

Defendant - Appellant.

No. 23-3277
(D.C. Nos. 2:18-CV-2117-JAR-JPO,
2:19-CV-02491-JAR, &
2:14-CR-20067-JAR-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **HOLMES**, Chief Judge, **MATHESON**, and **EID**, Circuit Judges.

_____

These matters are before us on the Appellants' *Unopposed Motion to Summarily Resolve Appeals*, wherein they each request a certificate of appealability (COA) on the following issue:

> Did the district court err when it concluded that the Sixth Amendment is *not* violated if the government establishes the absence of prejudice when a prosecutor intentionally and unjustifiably intrudes on the defendant's confidential attorney-client communications after the defendant pleads guilty but before the defendant is sentenced?

Appellants each acknowledge that, absent a COA, these appeals must be dismissed. 28 U.S.C. § 2253(c). They also acknowledges that this court is bound by both *United States v. Orduno-Ramirez*, 61 F.4th 1263 (10th Cir. 2023) and *United States v. Hohn*, 123 F.4th 1084 (10th Cir. 2024) to deny the requested certificates of appealability.

Upon consideration, the abatement of these matters is lifted. Each appeal shall proceed on the preliminary record already on file. Appellants' requests for a COA are

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

foreclosed by *Orduno-Ramirez* and *Hohn*. Accordingly, we deny a COA for each appeal

and dismiss these matters.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk